# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK HUDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00189-MTS |
| | ) | |
| KEITH MALONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a self-represented litigant incarcerated in the St. Louis County Justice Center, filed a Complaint, Doc. [1], and an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]. The Court will deny the Application without prejudice and give Plaintiff forty-five days to pay the $405 filing fee in full or comply with 28 U.S.C. § 1915(a).

The Clerk of this Court must require a filer instituting this type of civil action to pay a statutory filing fee along with any additional fees set by the Judicial Conference of the United States. 28 U.S.C. § 1914(a), (b). At present, the total fee is $405. This Court may "authorize the commencement" of any suit, action, or proceeding without the prepayment of the fee if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action. *See* 28 U.S.C. § 1915(a)(1).

An additional requirement applies when, as here, the filer is a prisoner.[1] Under the Prison Litigation Reform Act ("the Act"), a prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of

---

[1] For purposes of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Using that statement, courts must "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" from the prisoner. 28 U.S.C. § 1915(b)(1).

After the prisoner pays the initial partial filing fee, he must be required to make monthly payments until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). *See also Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee").

Here, Plaintiff failed to include a certified copy of his account statement—or institutional equivalent—with his affidavit as required by section 1915(a)(2). As courts consistently note, Congress wrote section 1915 in mandatory terms. *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002- JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312- MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneuf*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020). Based on the plain text of § 1915, without the account statement, the Court cannot grant Plaintiff's Application. *See* 28 U.S.C. § 1915(a)(2), (b)(1).

The Court will therefore deny Plaintiff's Application without prejudice. *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying application for this reason); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of application for this reason). The Court will give Plaintiff 45 days to pay the $405 filing fee in full or fully comply with § 1915(a). If Plaintiff fails to comply with this order, the Court will

dismiss this case without prejudice and without further notice.[2]  *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Act, the failure to submit the prison account statement required by § 1915(a)(2) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also, e.g.*, *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*, 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **Thursday**, **June 12, 2025**, Plaintiff must either pay the $405 filing fee in full or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

Dated this 28th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff files an application and the Court grants it, the Court will assess an initial partial filing fee and direct Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, he will be required to pay the remainder of the filing fee in installments over time.  Also, the Court will review Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal. Plaintiff will be responsible for paying the filing fee even if the Court dismisses his case upon initial review.  *See Tyler*, 110 F.3d at 529–30. If Plaintiff pays the $405 filing fee in full, the Court will review his complaint in accordance with 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal.