UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HUDSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00189-MTS |
| ) | |
| KIETH MALONE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Twice now Plaintiff Derrick Hudson, Jr. has signed and filed declarations with the Court, under penalty of perjury,[*] that appear to contain false information. *See* Doc. [2]; Doc. [4]; *see also* 28 U.S.C. § 1746 (governing unsworn declarations made under penalty of perjury). In seeking to proceed in this matter without prepaying fees or costs, Plaintiff indicated in both documents that he currently has no pay or wages. Doc. [2]; Doc. [4]. And he further indicated that "[i]n the past 12 months," he had not "received income" from "[g]ifts or inheritances" or from *any* "other sources." *Id.* Additionally, he indicated that he had no money "in cash" or "in a checking or savings account." *Id.* Despite these representations—in two separate filings—Plaintiff's inmate account statement shows regular deposits into his inmate account. Doc. [5]. These regular deposits, which total more than five hundred dollars over the last six months, seem altogether irreconcilable

---

[*] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years); *cf. Ger-Nis Int'l, LLC v. FJB, Inc.*, 1:07-cv-0898-CM, 2008 WL 2704384, at *16 (S.D.N.Y. July 3, 2008) ("All parties should be aware that this court will not hesitate to refer instances of perjury to the United States Attorneys' Office for investigation and prosecution.").

with Plaintiff's representations that he has had no wages, gifts, or income from *any* source.

Therefore, the Court will require Plaintiff to show cause why the Court should not dismiss this case with prejudice as a sanction for Plaintiff's apparent repeated misrepresentations to the Court. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (holding district courts have the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty); *Donelson v. Tanner*, 768 F. App'x 573, 575 (7th Cir. 2019) (unsigned order) (joined by Barrett, J.) (noting courts may dismiss a case "when a litigant, in applying for the privilege to litigate without prepaying filing fees, lies to the court about his financial status"); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam) (affirming dismissal of action where district court determined plaintiff had intentionally misrepresented his financial status in the affidavit to support his request for in forma paupera status); *see also Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001) (finding district court did not abuse its discretion in dismissing a plaintiff's suit "as a sanction for her repeated perjury").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Wednesday**, **July 09, 2025**, Plaintiff Derrick Hudson, Jr. must show cause in writing to the Court why his false statements to the Court in his previous filings should not result in the dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to send to Plaintiff, along with this Memorandum and Order to Show Cause, copies of Plaintiff's two Applications to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]; Doc. [4].

Dated this 18th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE