UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK HUDSON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00189-MTS |
| KIETH MALONE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On June 18, 2025, the Court ordered Plaintiff Derrick Hudson, Jr. to show cause why this action should not be dismissed with prejudice due to apparent misrepresentations in his applications to proceed in forma pauperis ("IFP"). *See* Doc. [6]. Specifically, Plaintiff twice submitted declarations under penalty of perjury that stated he had received no income from gifts or any other sources in the preceding twelve months and had no money in cash or in any account. *See* Docs. [2], [4]; *see also* 28 U.S.C. § 1746 (governing unsworn declarations made under penalty of perjury). However, Plaintiff's certified inmate account statement revealed more than five hundred dollars in deposits over a six-month period. *See* Doc. [5].

In response to the Court's Show Cause Order, Plaintiff submitted a letter apologizing for the misstatements and asserting that he did not intend to lie. *See* Doc. [7] (stating he "answered no to all of the questions because that was [his] truth"). While the Court has carefully considered Plaintiff's pro se status and his assertion that the

misrepresentations were unintentional, it finds his response insufficient to explain away his patently false answers.

A district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty. *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *Askew v. Union Pac. Motor Freight Co.*, 998 F.2d 1018 (8th Cir. 1993) (per curiam) (unpublished table decision) (affirming dismissal with prejudice where district court found plaintiff "deliberately misstated his financial condition"). This discretion extends to actions filed by pro se litigants. *See Donelson v. Tanner*, 768 F. App'x 573, 575 (7th Cir. 2019) (unsigned order) (joined by Barrett, J.) (affirming dismissal with prejudice where pro se prisoner materially lied in IFP application about financial status and litigation history).

Here, Plaintiff filed not one, but two applications signed under penalty of perjury attesting that he had received no income of any kind over the last twelve months and that he held no assets. Yet his inmate account statement shows multiple sizeable deposits during the same period. Plaintiff offers no plausible explanation for why he failed to disclose these deposits as income from gifts or other sources, as the form specifically asked. And he undoubtedly knew about the deposits given that his account statement shows he consistently made purchases with the deposited funds. While he now asserts that he cannot identify the senders and had no control over when funds would arrive, these statements do not explain the complete omission of the deposits he regularly received. He also fails to

2

explain why the same misrepresentation occurred in both applications, despite completing them months apart.

Though the Court construes filings from pro se litigants liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), pro se status does not entitle a party to disregard court rules. *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). And it obviously does not permit parties to submit declarations that misrepresent material facts. Filing false declarations under penalty of perjury is an abuse of the IFP process, *see Romesburg*, 908 F.2d at 260, and indeed an abuse of the judicial system at large, *see United States v. Castillo-Basa*, 494 F.3d 1217, 1221 (9th Cir. 2007) (Callahan, J., dissenting from the denial of rehearing en banc) ("Our system relies heavily on individuals telling the truth under oath."); *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (Easterbrook, J.) (noting "perjury is among the worst kinds of misconduct").

The Court finds that Plaintiff has not demonstrated a good faith misunderstanding or an honest mistake. His contrived assertion that he did not know the identity of those making the deposits is "not a credible or persuasive reason" for his failure to disclose the existence of the deposits. *See Beshears v. Marion Cnty. Bd. of Cnty. Comm'rs*, No. 19-13925-B, 2020 WL 5949790, at *2 (11th Cir. Apr. 20, 2020) (per curiam). He plainly was aware of the funds given that he quickly spent them after their deposits. His false answers therefore are enough to establish his intent to defraud. *See Donelson*, 768 F. App'x at 574 (noting that "when a litigant fails to disclose . . . something readily known to the litigant," then "a court may permissibly find that the litigant intended to defraud"); *cf. Tusa v. Omaha*

3

*Auto. Auction Inc.*, 712 F.2d 1248, 1253 (8th Cir. 1983) (noting a "wrongdoer's intent to defraud is ordinarily proved by circumstantial evidence").

While Plaintiff's knowingly false responses alone may suffice to establish an intent to defraud, the record further indicates that he deliberately withheld material information to obtain the advantage of filing without prepayment of the filing fee.  Plaintiff's other filings with the Court demonstrate his strong command of language.  *See, e.g.*, Docs. [1], [7].  There is no indication that Plaintiff misunderstood what was required of him to properly complete the declarations at issue.  The questions were clear and simple, yet he twice provided flagrantly false answers to them.  And between his first and his second declaration, he received *additional* deposits to his account totaling in the hundreds of dollars, and he spent a significant amount of those deposits.  The Court concludes that Plaintiff intentionally provided materially false information in his applications.

Given the circumstances here, his deliberate misconduct warrants dismissal with prejudice.  The Court recognizes such a dismissal is a harsh sanction that "should be exercised sparingly." *Romesburg*, 908 F.2d at 260.  But such harshness is warranted here where Plaintiff made a deliberate decision to provide false information to the Court in a declaration.  *See id.*; *see also Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306–07 (7th Cir. 2002) (Posner, J.) (noting dismissal with prejudice may be "the only feasible sanction" for "perjury designed to defraud the government"); *cf. Whiteside v.*

*Scurr*, 750 F.2d 713, 714 (8th Cir. 1984) (en banc order) ("Perjury is a most serious offense and anyone who commits perjury should be punished for it.").[*]

For these reasons, the Court will enter herewith an Order of Dismissal, dismissing this action with prejudice as a sanction for Plaintiff's intentional material misrepresentations to the Court in his applications to proceed in forma pauperis.

Dated this 6th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] What is more, the forms warned Plaintiff that "a false statement may result in a dismissal of [his] claims."  Docs. [2], [4].